**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**GLENN ALPHONSO**                                                      **CIVIL ACTION**

**VERSUS**                                                              **NO. 25-605-BAJ-EWD**

**STATE OF LOUISIANA, THROUGH**
**THE LOUISIANA DEPARTMENT OF**
**SAFETY AND CORRECTIONS, ET AL.**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 21, 2026.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**GLENN ALPHONSO**                                                                 **CIVIL ACTION**

**VERSUS**                                                                                  **NO. 25-605-BAJ-EWD**

**STATE OF LOUISIANA, THROUGH
THE LOUISIANA DEPARTMENT OF
SAFETY AND CORRECTIONS, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Remand ("the Motion"),[1] filed by Glenn Alphonso ("Plaintiff") which is opposed by Louisiana Department of Public Safety and Corrections ("DPSC") and Captain Brandon Montgomery ("Montgomery") (collectively "Defendants").[2] Because the record reflects that Montgomery was served and did not timely consent to removal, it is recommended[3] that the Motion be granted, remanding this case to the Twentieth Judicial District Court for the Parish of East Feliciana, State of Louisiana. As removal was objectively unreasonable, it is also recommended that Plaintiff be awarded just costs and actual expenses incurred as a result of the removal upon Plaintiff providing additional information.

**I.    BACKGROUND**

Plaintiff filed his Petition for Damages, asserting claims against Defendants for use of unnecessary and excessive force and retaliation in Louisiana state court on March 3, 2025.[4] DPSC removed the case to this Court on July 9, 2025, asserting that the Court has federal subject matter

---

[1] R. Doc. 6 and *see* R. Doc. 21 (reply memorandum).

[2] R. Doc. 12.

[3] *See, e.g.*, *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("[A] motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review.").

[4] R. Doc. 1-3, p. 1.

jurisdiction as Plaintiff asserts that his Eighth Amendment Rights were violated by Montgomery and brings a claim under 42 U.S.C. § 1983 for that violation.[5] The Notice of Removal also states that Montgomery had not been served when the case was removed.[6]

On July 14, 2025, Plaintiff filed a Motion to Remand, asserting that Montgomery was properly served on June 9, 2025, and that DPSC failed to obtain unanimous consent to removal, requiring remand of the case as removal was procedurally defective.[7] Additionally, Plaintiff contends that removal was improper because there was no original subject matter jurisdiction over any claim pleaded in this case against the removing defendant, DPSC.[8] Finally, Plaintiff asks the Court to award just costs and actual expenses, including attorney's fees incurred as a result of the improper removal.[9]

Montgomery answered Plaintiff's Petition on July 22, 2025.[10] On August 4, 2025, Defendants filed their opposition to the Motion, asserting that service on Montgomery was defective because DPSC's Legal Headquarters only received a service citation directed to DPSC, not to Montgomery.[11] Defendants further argue that the Court has original jurisdiction over the case, including the claims against DPSC.[12]

---

[5] R. Doc. 1, ¶ 1, citing R. Doc. 1-3, p. 5, ¶¶ 21-23.

[6] R. Doc. 1, ¶ 3.

[7] R. Doc. 6-2, p. 1.

[8] *Id.* at pp. 1, 2-3.

[9] *Id.* at p. 3.

[10] R. Doc. 8.

[11] R. Doc. 12, pp. 1-2, 4.

[12] *Id.* at pp. 2-3.

In reply, Plaintiff asserts that Defendants' opposition admits that Montgomery was served through his agent for service of process, Rhonda Weldon, and, therefore, there is no doubt that the Notice of Removal was filed without the consent of all defendants.[13]

## II.   LAW AND ANALYSIS

### A.  Applicable Legal Standards

"When a civil action is removed solely under [28 U.S.C.] section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."[14] According to the Fifth Circuit, the "rule of unanimity" requires that each served defendant join in the notice of removal or that there be a "timely filed written indication from each served defendant…that it has actually consented to such action."[15] "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."[16] "Formal service is also required to trigger a defendant's obligation to join in or consent to removal."[17]

The Fifth Circuit has explained that while only consent to removal is required, "a defendant must do so itself."[18] Accordingly, to demonstrate a defendant's consent to removal requires "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has

---

[13] R. Doc. 21.

[14] 28 U.S.C. § 1446(b)(2)(A); *see also Baxter v. Anderson*, No. 16-142, 2016 WL 3748720, at *3 (M.D. La. June 21, 2016).

[15] *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262, n.11 (5th Cir. 1988).

[16] 28 U.S.C. § 1446(b)(2)(C).

[17] *Coleman v. Burlington Ins. Co.*, No. 24-512, 2024 WL 3843029, at *2 (W.D. La. July 3, 2024), report and recommendation adopted, No. 24-512, 2024 WL 4369729 (W.D. La. Oct. 1, 2024), citing *T.E. Const. Specialties, Inc. v. Vista Benefits, Inc.*, No. 03-184, 2003 WL 22259075 (W.D. Tex. 2003).

[18] *Getty Oil*, 841 F.2d at 1262, n.11.

3

actually consented to such action. Otherwise, there would be nothing on the record to 'bind' the allegedly consenting defendant."[19] As explained by this Court, "various district court decisions in the Fifth Circuit applying *Getty Oil* have consistently rejected representations from one party that the other parties consent in the removal and have therefore granted a motion to remand."[20] Finally, properly served and joined defendants must join in the removal within the thirty-day period in which the removal itself must be filed.[21] Failure to join all defendants in the removal is a procedural defect that cannot be remedied after the thirty-day removal period.[22]

But there are exceptions to the rule of unanimity. "A removing defendant is not required to obtain consent to removal from: (1) improperly joined defendants or those alleged to be fraudulently joined; (2) nominal or formal parties; (3) non-forum defendants who have not been served at the time of removal."[23] "Additionally, the Fifth Circuit has acknowledged that 'exceptional circumstances' might warrant departure from the rule of unanimity; however, the circumstances that generally warrant the granting of this exception typically 'relate to plaintiff

---

[19] *Id*.

[20] *Allement v. Ameristep Corp.*, No. 13-498, 2013 WL 12183655, at *5 (M.D. La. Dec. 30, 2013), citing, *inter alia, Crowley v. Amica Mut. Ins. Co.*, No. 12-775, 2012 WL 3901629, at *3-4 (E.D. La. Sept. 7, 2012) (explaining that "courts within the Fifth Circuit have construed strictly the requirement for written consent by all of the defendants and overwhelmingly have held that statements on behalf of nonmoving defendants in a notice of removal are insufficient" and further finding that affidavits submitted in opposition to the motion to remand by the non-removing defendants "attesting to their consent" were untimely filed after the 30-day period for removal had ended such that the removal was procedurally improper); *Goldman v. Nationwide Mut. Ins. Co.*, No. 11-1414, 2011 WL 3268853, at *3 (E.D. La. July 28, 2011) (granting motion to remand because statement in notice of removal that "all other named defendants…consent" did not constitute sufficient written consent from all defendants); *Jacob v. Greyhound Lines, Inc.*, No. 02-2199, 2002 WL 31375612 (E.D. La. Oct. 21, 2002) (notice of removal indicating that co-defendant "does not object to this matter being removed to federal court" was insufficient).

[21] *Getty Oil*, 841 F.2d at 1262.

[22] *Grand Texas Homes, Inc. v. Am. Safety Indem. Co.*, No. 12-1773, 2012 WL 5355958, at *3 (N.D. Tex. Oct. 30, 2012), citing *Moody v. Commercial Ins. Co. of Newark, New Jersey*, 753 F.Supp. 198, 199 (N.D. Tex. 1990).

[23] *Moten v. Mesa Underwriters Specialty Ins. Co.*, No. 21-1920, 2021 WL 6066917, at *2 (W.D. La. Nov. 12, 2021), report and recommendation adopted, No. 21-1920, 2021 WL 6066911 (W.D. La. Dec. 22, 2021); *see also World Prayer Tabernacle v. Certain Underwriters at Lloyd's, London*, No. 22-2289, 2022 WL 4949125, at *1 (E.D. La. Oct. 4, 2022) (citations omitted).

4

conduct and are justified in order to prevent an injustice.'"[24]

The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[25] The removing party bears the burden of showing, if challenged, that the removal was procedurally proper.[26] A violation of the rule of unanimity renders a removal procedurally defective, requiring remand.[27]

### B. The Record Establishes that Montgomery was Served and Properly Joined Before Removal

Another division of this Court addressed in *Washington v. Department of Public Safety and Corrections* whether service on a former DPSC employee through statutory agent, Rhonda Weldon, triggered an obligation for that defendant to consent to removal.[28] On the citation in *Washington,* the name of the former employee was struck through when Rhonda Weldon accepted service.[29] Additionally, the plaintiff in *Washington* was silent in response to the defendant's assertion that the former employee had not been properly served, and attempted to obtain the former employees home address and obtain a private process server a few months after service was attempted on Rhonda Weldon.[30]

---

[24] *Moten*, 2021 WL 6066917, at *2, citing *Ortiz v. Young*, 431 Fed.Appx. 306, 307-08 (5th Cir. 2011). *See also Day v. Danny*, No. 15-832, 2016 WL 1033536, at *5 (M.D. La. Feb. 17, 2016) (citing *Ortiz*, 431 Fed.Appx. at 307, and stating, "The Fifth Circuit, however, later indicated that such an exception generally would be granted only when defendant's lack of consent to removal stemmed from plaintiff's conduct.").

[25] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

[26] *Scott v. Off. Depot, Inc.*, No. 14-791, 2015 WL 2137458, at *3 (M.D. La. May 7, 2015), citing *Manguno v. Prudential Property and Casualty Insurance Company,* 276 F.3d 720, 723 (5th Cir. 2002).

[27] *Getty Oil Corp.*, 841 F.2d at 1262.

[28] No. 25-55, 2025 WL 1749973 (M.D. La. May 19, 2025), report and recommendation adopted, No. 25-55, 2025 WL 1749652 (M.D. La. June 24, 2025).

[29] *Id.*, at *2.

[30] *Id.*

5

*Washington* is inapplicable to this case because (1) Defendants concede that Montgomery was an employee of DPSC at the time citation was received,[31] (2) there is no strike out on the citation containing Montgomery's name,[32] and (3) there is evidence in the record that Montgomery was served through Rhonda Weldon, who is authorized to accept service on behalf of DPSC employees, including Montgomery.[33] *Washington* is, however, instructive on how service through Rhonda Weldon on employees of DPSC occurs.[34]

Defendants' opposition to remand in this case states, "[t]he record from the 20th JDC contains only one completed return of service showing June 9, 2025 service on Capt. Montgomery, through DPSC's Legal Headquarters at 504 Mayflower Street, Baton Rouge, Louisiana 70802. However, DPSC's Legal Headquarters only received a service citation directed to the DPSC but not Capt. Montgomery (Exhibit 1)."[35] Further, Defendants' sole argument regarding whether Montgomery was properly joined and served is that the citation that was served on DPSC did not contain Montgomery's name.[36]

---

[31] R. Doc. 12, p. 4.

[32] R. Doc. 1-3, p. 16 (identifying service on DPSC through the Attorney General's office and on Montgomery and DPSC through Rhonda Weldon); *see also* R. Doc. 1-3, p. 17 (service return dated June 9, 2025 showing service through Rhonda Weldon and listing Montgomery and co-defendant, Gary Westcott, Secretary of DPSC).

[33] *See* R. Doc. 6-4, p. 1. Defendants do not contest that Rhonda Weldon can accept service on behalf of Montgomery and courts, including this one, have recognized that Ms. Weldon can accept service for current DPSC employees. *See* R. Doc. 6-4; *see also Washington*, 2025 WL 1749973, at *2 (stating that Plaintiff attempted to serve a former DPSC employee through Rhonda Weldon); *Hutchinson v. Reed*, No. 24-1532, 2025 WL 451838, at *2 (W.D. La. Jan. 21, 2025), report and recommendation adopted, No. 24-1532, 2025 WL 449825 (W.D. La. Feb. 10, 2025) ("The court is aware from other cases that there is an arrangement for the DOC to accept service through Ms. [Rhonda] Weldon, who is employed at the DOC Legal Office, for current DOC employees."); *see also Parker v. Walker*, No. 23-663, 2024 WL 4942404, at *2 (M.D. La. Oct. 23, 2024), report and recommendation adopted, No. 23-663, 2024 WL 4942373 (M.D. La. Dec. 2, 2024) (citing to an affidavit from Rhonda Weldon stating that she is the authorized agent to accept service on behalf of DPS&C employees).

[34] *See Washington*, 2025 WL 1749973, at *2, citing *Hutchinson*, 2025 WL 451838, at *2 (discussing Ms. Weldon's ability to accept service for DOC employees).

[35] R. Doc. 12, pp. 1-2. DPSC stated that Montgomery was not served and attached no evidence confirming that statement in support of the Notice of Removal. *See* R. Doc. 1, ¶ 3.

[36] R. Doc. 12, p. 4. Defendants' opposition states:

> La. CCP Art. 1202 states that a citation for service must contain the name of the person to whom it is addressed. In this case, there was no citation served directly on Capt. Montgomery. The citation

6

Despite Defendants' contention, the record reflects that Montgomery was served through Rhonda Weldon, based on the service return attached to DPSC's Notice of Removal and to Plaintiff's Motion to Remand.[37] The citation contains Montgomery's name and complies with La. Code Civ. Proc. art. 1202 insofar as Defendants object to the form of the citation attached to their opposition.[38] Though under Louisiana law, citation and service are "essential in civil actions" and "without them all proceedings are absolutely null,"[39] here, there is evidence that a citation was served which contained Montgomery's name in compliance with La. Code Civ. Proc. art. 1202.[40] Defendants contend that they never received this citation while simultaneously citing to the state court record, which reflects service with adequate citation on Montgomery through Rhonda Weldon.[41] Indeed, Defendants' argument is directly contradicted by the service return, dated June 9, 2025, which was attached to the Notice of Removal, filed by DPSC.[42]

Defendants admit that if Montgomery's name was on the citation they received, service would be proper.[43] Since the record reflects that (1) a citation that was served on Rhonda Weldon contains Montgomery's name, (2) Defendants do not contest that Rhonda Weldon can accept

---

for service received by DPSC could have accomplished service on Capt. Montgomery, who DPSC employed at the time, but failed to do so because the citation received by the DPSC (Exhibit 1) did not list Capt. Montgomery as a party to whom it was directed.

Defendants acknowledge that service was otherwise appropriate. *Id.*

[37] *See* R. Doc. 1-3, p. 17; R. Doc. 6-3.

[38] *See* R. Doc. 1-3, p. 17 (listing Captain Montgomery and DPSC on the service return); R. Doc. 12-1 (listing DPSC on the service return); *see also* La. Code Civ. Proc. art. 1202. Though Defendant contends the citation received did not bear the name of Montgomery, the state court record attached to DPSC's Notice of Removal reflects a citation bearing Montgomery's name that was served on Rhonda Weldon.

[39] La. Code Civ. Proc. art. 1201(A).

[40] "The 'plaintiff must bear the burden of insuring correct citation,' and if the citation 'bears the wrong name of the person to whom it should be addressed, plaintiff, not defendant, must precipitate the correction by the clerk.'" *Coleman*, 2024 WL 3843029, at *3, quoting *Vicknair v. City of New Orleans*, 522 So.2d 624, 626 (La.App. 4 Cir. 1988). There is no evidence that the citation containing Montgomery's name is deficient.

[41] *See* R. Doc. 12, pp. 1-2, citing R. Doc. 1-3, p. 17.

[42] R. Doc. 1-3, p. 17.

[43] R. Doc. 12, p. 4.

7

service on Montgomery's behalf, and (3) there is no other evidence that service was improper, Defendants have failed to establish that Montgomery was not properly cited and served before removal. Defendants' argument in opposition that they did not receive service as documented in the state record is unpersuasive. Plaintiff asked the clerk to serve two citations in this case.[44] Defendants submit one citation, without Montgomery's name, as evidence that they never received the other citation, with Montgomery's name, which is stamped as having been served through Rhonda Weldon and which is attached to the Notice of Removal, filed by DPSC.[45] Defendants' statement that service of this document was not received is, therefore, controverted by the record evidence.

Additionally, Plaintiff filed a Motion for Entry of Preliminary Default and for Hearing on Confirmation of Default against Montgomery in this case.[46] Montgomery did not oppose the Motion for Preliminary Default, but did make an appearance in the case by filing an Answer.[47] Importantly, a default judgment cannot be entered when a defendant has not been properly served.[48] If Montgomery contended that service was improper or that he was not served, he could have asserted that argument in response to the Motion for Entry of Preliminary Default. Instead, he answered the suit, making an appearance only eight days after the Motion for Entry of Preliminary Default was filed.[49]

---

[44] R. Doc. 1-3, pp. 14, 16.

[45] *See* R. Doc. 1-3, p. 17; R. Doc. 12-1.

[46] R. Doc. 7.

[47] R. Doc. 8.

[48] *See Espinoza v. Humphries*, 44 F.4th 275, 276 (5th Cir. 2022), quoting *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 n.6 (5th Cir. 2008) ("A defendant cannot default if he had no duty to answer the suit—and he need not answer until 'service has been perfected.'").

[49] R. Doc. 8.

8

Any doubts regarding removal must be resolved in favor of remand.[50] The record evidence establishes that Rhonda Weldon received service in this case for Defendant Brandon Montgomery, a DPSC employee, on June 9, 2025.[51] Defendants' arguments to the contrary are contradicted by the record. When the case was removed on July 9, 2025, Montgomery's consent was, therefore, required to satisfy the rule of unanimity. It is undisputed that Montgomery's consent was not in the record at the time of removal. Additionally, any contention that Montgomery's Answer constituted his consent to removal is without merit. Montgomery and DPSC were served the same day, on June 9, 2025.[52] Under 28 U.S.C. § 1446(b), removal was required within thirty days of service,[53] and any consent had to be submitted to the court within the same thirty days.[54] Even if Montgomery did consent to removal in his Answer, because it was not filed until July 22, 2025, that consent would not be timely.

Removing Defendant, DPSC, bears the burden to establish that removal is procedurally proper when challenged. Because Montgomery was properly joined and served at the time of removal, his consent to removal was required within the applicable time period under 28 U.S.C. § 1446(b). As Montgomery's consent to removal was not timely filed, the rule of unanimity is violated, and no exceptions that warrant departure from the rule of unanimity in this case have been shown. Therefore, the Court must remand the case to the Twentieth Judicial District Court for the Parish of East Feliciana, State of Louisiana. Because remand is required on this ground, it

---

[50] *Gasch*, 491 F.3d at 281-82.

[51] R. Doc. 1-3, p. 17.

[52] R. Doc. 1-3, p. 17; R. Doc. 12-1.

[53] In a case involving federal question subject matter jurisdiction, the removal clock begins to run from service of the initial pleading where the complaint affirmatively reveals on its face that it contains an issue of federal law. *Leffall v. Dallas Ind. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). Here, Plaintiff's Petition alleged claims for civil rights violations under 42 U.S.C. § 1983. R. Doc. 1-3, p. 5, ¶ 21.

[54] Montgomery filed his Answer on July 22, 2025, and claims his consent was given in a question he answered while filing his Answer. R. Doc. 1-3, p. 17; R. Doc. 8; R. Doc. 12, p. 2 ("In the course of filing his answer, the PACER system asked Capt. Montgomery if he agreed to removal, and he indicated that he did agree to it.").

is not necessary to reach Plaintiff's argument that removal was improper because the federal claims were not asserted against the removing defendant.[55]

### C. Plaintiff is Entitled to Costs and Fees because DPSC's Removal was Objectively Unreasonable

Plaintiff additionally asks this Court to award him costs and actual fees, including attorney's fees, pursuant to 28 U.S.C. § 1447(c) based on DPSC's improper removal.[56] Under § 1447(c), an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, there is no automatic entitlement to an award of attorney fees under § 1447(c), as the clear language of the statute makes such an award discretionary.[57] In applying § 1447(c), courts consider "the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case.... In other words, the question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper."[58] "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."[59]

The rule of unanimity is a clear rule that this Circuit has enforced for over thirty years.[60] DPSC's removal of the case was objectively unreasonable as the state court record reflects service

---

[55] *See* R. Doc. 6-2, pp. 1, 2-3. It should be noted, however, that this claim was rejected by another division of this Court in *Washington*, 2025 WL 1749973, at *2 ("In his Petition, Plaintiff raises claims under federal law that give rise to this Court's jurisdiction, and indeed Plaintiff does not dispute this fact. Rather, Plaintiff asserts that federal claims were made only against Ellis and not the removing defendant. But nothing in the removal statutes or any jurisprudence cited by Plaintiff limits the right to remove based on federal question to a defendant against whom a federal claim is directly asserted. *See Hutchinson*, 2025 WL 451838 (collecting cases properly removed by defendants at whom federal claims were not directed).").

[56] R. Doc. 6-2, p. 3.

[57] *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 291 (5th Cir. 2000).

[58] *Id.* at 293.

[59] *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

[60] *Getty Oil*, 841 F.2d at 1262 n. 11 (5th Cir. 1988). The rule of unanimity is also codified in 28 U.S.C. § 1446. *See Weatherspoon v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 17-98, 2017 WL 2486363, at *3 (M.D. La. May 19, 2017),

10

on Montgomery, yet DPSC removed the case without his consent, stating that he was not served.[61] Defendants' contention that Montgomery was not served prior to removal ignores the service evidence on the face of the record *attached to DPSC's own Notice of Removal*. Once Plaintiff sought remand based on the clear procedural defect in removal, DPSC should have realized its mistake and acknowledged that remand was proper. DPSC's argument against remand is premised on incorrect factual information that a simple review of documents in DPSC's possession at the time of removal could and should have resolved. In failing to follow and acknowledge proper removal procedure, DPSC has delayed the underlying state court proceedings and wasted this Court's resources.

Under these circumstances, removal of this case was not objectively reasonable and an award of just costs and actual expenses, including attorney's fees, incurred as a result of the removal, is warranted. Additionally, since DPSC was the only removing defendant, the costs should be paid exclusively by DPSC. However, as Plaintiff has not quantified his "just costs" or provided evidence of "any actual expenses, including attorney's fees," it is recommended that the any award be made after supporting evidence is submitted by Plaintiff, which should be provided during the fourteen-day period for filing objections to this Report and Recommendation.[62] If Plaintiff fails to timely provide adequate supporting evidence, the request for attorney's fees should be denied.

---

report and recommendation adopted sub nom. *Weatherspoon v. JPMorgan Chase Bank*, No. 17-98, 2017 WL 2485226 (M.D. La. June 8, 2017) (citation omitted). Though there are exceptional circumstances that warrant departure from the rule of unanimity, nowhere does DPSC argue the application of an exception, nor is any apparent from the record.

[61] R. Doc. 1, ¶ 3; R. Doc. 1-3, p. 17.

[62] *See, e.g., National Credit Union Administration Bd. v. Heard McElroy & Vestal LLC*, No. 21-1081, 2021 WL 2944891, at *5 (W.D. La. June 28, 2021), report and recommendation adopted, No. 21-1081, 2021 WL 2942524 (W.D. La. July 13, 2021).

## III.   RECOMMENDATION

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand[63] be **GRANTED** and this case be **REMANDED** to the Twentieth Judicial District Court for the Parish of East Feliciana, State of Louisiana.

Because remand is recommended and because Defendant Brandon Montgomery has answered the suit and asserted defenses, **IT IS FURTHER RECOMMENDED** that all pending motions[64] be **DENIED WITHOUT PREJUDICE**, including Plaintiff Glenn Alphonso's request for a hearing on confirmation of default.[65]

**IT IS FURTHER RECOMMENDED** that Plaintiff's request for just costs and actual expenses, including attorney's fees, incurred as a result of filing the Motion to Remand be **GRANTED** and those fees be paid by Removing Defendant, Louisiana Department of Public Safety and Corrections.  By no later than **February 4, 2026**, the Plaintiff Glenn Alphonso should provide a supplemental memorandum and supporting evidence to quantify the amounts sought, including attorney's fees, incurred as a result of the removal.  If Plaintiff fails to timely provide supporting evidence, **IT IS RECOMMENDED** that the request for attorney's fees and costs be **DENIED**.

Signed in Baton Rouge, Louisiana, January 21, 2026.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[63] R. Doc. 6.

[64] *See* R. Docs 7, 11.

[65] R. Doc. 7.